IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,599-02






EX PARTE RICHARD LLOYD PENROSE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM JOHNSON COUNTY

IN THE 18TH JUDICIAL DISTRICT COURT

TRIAL COURT CAUSE NO. F35159



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of driving while intoxicated - enhanced, and punishment was assessed at confinement for
eighteen years. No direct appeal was taken. 

 Applicant contends that he was provided ineffective assistance of trial and appellate
counsel and that his sentence is illegal.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed. Because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from both trial and appellate counsel, or it may order a
hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant was provided effective assistance of counsel at trial and on appeal;
whether the instant offense was properly enhanced with valid prior convictions; whether
probation was assessed for any offense alleged for enhancement in the indictment, and, if so,
whether the probation was later revoked or the case was later dismissed prior to the offense
date of the instant offense; whether trial or appellate counsel lodged any objection or raised
any issue concerning any of the enhancement allegations; and whether Applicant has been
assessed an illegal sentence. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1 DAY OF March, 2006.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.